Case 1:08-cr-00055-RWS-GGB  Document 167-1  Filed 12/18/08  Page 1 of 15

ORIGINAL

FILED IN OPEN COURT
U.S.D.C. - Atlanta

DEC 18 2008

JAMES N. HATTEN, Clerk
By: Deputy Clerk

# GUILTY PLEA and PLEA AGREEMENT

United States Attorney
Northern District of Georgia

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CRIMINAL NO. 1:08-CR-055-RWS

The United States Attorney for the Northern District of Georgia and Defendant FRANCISCO CORTES-MEZA, enter into this plea agreement as set forth below in Part IV pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure. FRANCISCO CORTES-MEZA, Defendant, having received a copy of the above-numbered Indictment and having been arraigned, hereby pleads GUILTY to Count Seven thereof.

## I. ADMISSION OF GUILT

The Defendant admits that he is pleading guilty because he is in fact guilty of the crime charged in Count Seven of the Indictment.

## II. ACKNOWLEDGMENT & WAIVER OF RIGHTS

The Defendant understands that by pleading guilty, he is giving up the right to plead not guilty and the right to be tried by a jury. At a trial, the Defendant would have the right to an attorney, and if the Defendant could not afford an attorney, the Court would appoint one to represent the Defendant at trial and at every stage of the proceedings. During the trial, the Defendant would be presumed innocent and the Government would have the burden of proving him guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the witnesses against him. If the Defendant wished, he could testify on his own behalf and present evidence in his defense, and he could subpoena witnesses to testify on his behalf. If, however, the Defendant did not wish to testify, that fact could not be used against him, and the Government could not compel

him to incriminate himself. If the Defendant were found guilty after a trial, he would have the right to appeal the conviction.

The Defendant understands that by pleading guilty, he is giving up all of these rights and there will not be a trial of any kind.

By pleading guilty, Defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could have been filed.

The Defendant also understands that he ordinarily would have the right to appeal his sentence and, under some circumstances, to attack the conviction and sentence in post-conviction proceedings. By entering this Plea Agreement, the Defendant may be waiving some or all of those rights to appeal and to collaterally attack his conviction and sentence, as specified below.

Finally, the Defendant understands that, to plead guilty, he may have to answer, under oath, questions posed to him by the Court concerning the rights that he is giving up and the facts of this case, and the Defendant's answers, if untruthful, may later be used against him in a prosecution for perjury or false statements.

### III. ACKNOWLEDGMENT OF PENALTIES

The Defendant understands that, based on his plea of guilty, he will be subject to the following maximum and mandatory minimum penalties:

<u>As to Count Seven</u>

(a)   Maximum term of imprisonment: Life.

(b)   Mandatory minimum term of imprisonment: Fifteen years.

(c)   Term of supervised release: Up to Five years.

(d)   Maximum fine: $250,000, due and payable immediately.

(e)   Full restitution, due and payable immediately, to all victims of the offense(s) and relevant conduct.

(f)   Mandatory special assessment: $100.00, due and payable immediately.

(g)   Forfeiture of any and all proceeds from the commission of the offense and any and all property used to facilitate the offense.

The Defendant understands that, before imposing sentence in this case, the Court will be required to consider, among other factors, the provisions of the United States Sentencing Guidelines and that, under certain circumstances, the Court has the discretion to depart from those Guidelines. The Defendant further understands that the Court may impose a sentence up to and including the statutory maximum as set forth in this paragraph and that no one can predict his exact sentence at this time.

## IV. PLEA AGREEMENT

The Defendant, his counsel, and the United States Attorney for the Northern District of Georgia ("the Government"), as counsel for the United States, subject to approval by the Court, have agreed upon a negotiated plea in this case, the terms of which are as follows:

### Dismissal of Counts

The Government agrees that, upon the entry of the Judgment and Commitment Order, any and all remaining counts in the above-styled case still pending against Defendant shall be dismissed pursuant to Standing Order No. 07-04 of this Court and to Rule 48(a) of the Federal Rules of Criminal Procedure. The Defendant understands that the Probation Office and the Court may still consider the conduct underlying such dismissed counts in determining relevant conduct under the Sentencing Guidelines and a reasonable sentence under Title 18, United States Code, Section

3553(a).

## Factual Basis

The parties agree that if this case went to trial, the Government would prove by admissible evidence and beyond reasonable doubt the following facts:

During in or about Spring 2006 and continuing until on or about June 5, 2008, in the Northern District of Georgia, the defendant, and others known and unknown to the Government conspired to recruit and entice, LMJ, MVL, BCA, AAS, LGI, NHP, NMS, MPM, RHP, MMB, ("the victims") to come to the United States from Mexico to engage in prostitution. The defendant and his co-conspirators approached the victims in locations in Mexico and lured and convinced them to travel to the United States by promising them better lives and legitimate employment, or romantic relationships and marriage with the conspirators, knowing that the victims would be caused to engaged in prostitution. The victims were poor, young women and teenagers with limited educations, who were from rural locations in Mexico. As part of the conspiracy, the defendant and his co-conspirators smuggled, or arranged for the smuggling, of the victims into the United States for the purpose of engaging the victims in prostitution in the Atlanta, Georgia metropolitan area. After the victims were transported to Atlanta, Georgia by the conspirators, the conspirators harbored them in various locations including but not limited to: 2460 Huddersville Way in Norcross, Georgia; 5468 Charmaine Bend NW in Norcross, Georgia; 5016 Rockborough Trail in Norcross, Georgia; 5118 Gulf Terrace NW in Norcross, Georgia and 2459 Bailey Drive in Norcross, Georgia.

Shortly after their arrival in the Atlanta area, the victims were informed by the conspirators that they would be required to engage in prostitution in order to make money. The victims were monitored by conspirators during the day. In the evenings, the victims were driven to various

dwellings to engage in prostitution. Conspirators received calls from clients requesting the delivery of a victim to a residence for commercial sex. Drivers would pick up victims from the homes where the defendant and his co-conspirators housed the victims and deliver them the to the apartments and homes where paying clients waited for commercial sex.

The defendant and his co-conspirators benefitted financially from prostituting the victims, many of whom performed commercial sex acts with more than twenty men per night. Each client was charged approximately $25.00 for sexual services, the drivers were paid approximately $10.00, and the remaining $15.00 was provided to the victim and the conspirators. The conspirators' prostituted approximately ten women, which included four females who were under 18 years of age for some period of time during the conspiracy.

In addition to smuggling women from a foreign country and transporting them across state lines to Norcross, Georgia, as primary tools in their prostitution business, the defendant and his co-conspirators utilized various facilities and implements that affect interstate commerce. These tools included: (1) cellular telephones, which were used to communicate with drivers, johns, and victims for the purposes of arranging prostitution; and (2) condoms and other sexual aides manufactured outside of the state of Georgia, which were provided to the victims for use during the commercial sex acts.

From in or about Winter 2007 and continuing through on or about June 5, 2008, the defendant recruited, enticed, transported, provided and obtained MPM, a twenty-two year old Mexican national, and benefitted financially by receiving a thing of value from participation in a venture engaged in recruiting, enticing, harboring, transporting, providing and obtaining MPM, knowing that force, fraud, and coercion would be used to cause MPM to engage in commercial sex.

The defendant's conduct occurred in and affecting interstate and foreign commerce.

The evidence at trial would show that the defendant met MPM during winter 2007 in Tuxtepec, Mexico. The defendant began dating MPM and persuaded her to come with him to the United States under the false pretense that she would find a job in a restaurant. All the while, the defendant knew that MPM would be caused to work in prostitution when she reached the Atlanta, Georgia area. In or about Spring 2008, the defendant smuggled MPM into the United States. The defendant paid coyotes smuggling fees and traveled with MPM. The defendant transported MPM to Atlanta, Georgia and harbored her in a house in Norcross, Georgia. A few days after her arrival in Norcross, the defendant informed MPM that she would be required to engage in prostitution to make money. The defendant's co-conspirators provided MPM with condoms and drove her to clients. MPM was required to provide the money that she was paid for commercial sex to the defendant. The defendant controlled MPM's daily life and did not allow her to go places without his permission. When MPM stated that she did not wish to engage in prostitution, the defendant became angry with her and slapped her face. The defendant was aware that MPM feared him.

The defendant admits that he did all of above-mentioned acts knowingly and wilfully.

## Sentencing Guidelines Recommendations

**Base/Adjusted Offense Level Stipulations**

Based upon the evidence currently known to the Government, the Government will recommend and the Defendant agrees to the following applications of the Sentencing Guidelines:

(a) The applicable offense guideline is Section 2G1.3(a)(1).

**Acceptance of Responsibility**

The Government will recommend that the Defendant receive the two-level adjustment for

acceptance of responsibility pursuant to Section 3E1.1 of the Sentencing Guidelines, and the additional one-level adjustment if the offense level is 16 or higher. However, the Government will not be required to recommend acceptance of responsibility if, after entering this Plea Agreement, the Defendant engages in conduct inconsistent with accepting responsibility. Thus, by way of example only, should the Defendant falsely deny or falsely attempt to minimize Defendant's involvement in relevant offense conduct, give conflicting statements about Defendant's involvement, fail to pay the special assessment, fail to meet any of the obligations set forth in the Financial Cooperation Provisions set forth below, or participate in additional criminal conduct, including unlawful personal use of a controlled substance, the Government will not be required to recommend acceptance of responsibility.

### Right to Answer Questions, Correct Misstatements, and Make Recommendations

The Government reserves the right to inform the Court and the Probation Office of all facts and circumstances regarding the Defendant and this case, and to respond to any questions from the Court and the Probation Office and to any misstatements of fact or law. Except as expressly stated elsewhere in this Plea Agreement, the Government also reserves the right to make recommendations regarding application of the Sentencing Guidelines.

### Right to Modify Recommendations

With regard to the Government's recommendation as to any specific application of the Sentencing Guidelines as set forth elsewhere in this Plea Agreement, the Defendant understands and agrees that, should the Government obtain or receive additional evidence concerning the facts underlying any such recommendation, the Government will bring that evidence to the attention of the Court and the Probation Office. In addition, if the additional evidence is sufficient to support

a finding of a different application of the Guidelines, the Government will not be bound to make the recommendation set forth elsewhere in this Plea Agreement, and the failure to do so will not constitute a violation of this Plea Agreement.

## Sentencing Recommendations

**Specific Sentence Recommendation**

The parties agree that the appropriate guideline range in this case, after a three level reduction for acceptance of responsibility is level 31, which is 108-135 months. However, the statute, 18 U.S.C. § 1591(b)(1), Sex Trafficking By Force, Fraud or Coercion, carries a mandatory minimum sentence of fifteen years imprisonment. Accordingly, the Government agrees to recommend that the defendant be sentenced to a term of imprisonment of 180 months, which represents the fifteen-year statutory mandatory minimum. The defendant will not challenge the government's sentencing recommendation as it represents the statutory mandatory minimum for the offense to which he is pleading guilty.

**Fine--No Recommendation**

The Government agrees to make no specific recommendation as to the fine to be imposed on the Defendant within the applicable guideline range.

**Restitution**

The Defendant agrees to pay full restitution to all victims of the offense to which he is pleading guilty and all relevant conduct, including, but not limited to, any counts dismissed as a result of this Plea Agreement. The Defendant understands that the amount of restitution owed to each victim will be determined at or before sentencing. The Defendant also agrees to cooperate fully in the investigation of the amount of restitution and the identification of victims.

## Financial Cooperation Provisions

**Special Assessment**

The Defendant understands that the Court will order him to pay a special assessment in the amount of $100.

**Fine/Restitution - Terms of Payment**

The Defendant agrees to pay any fine and/or restitution imposed by the Court to the Clerk of Court for eventual disbursement to the appropriate account and/or victim(s). The Defendant also agrees that the full fine and/or restitution amount shall be considered due and payable immediately. If the Defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, he agrees that the custodial agency and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The Defendant understands that this payment schedule represents a minimum obligation and that, should Defendant's financial situation establish that he is able to pay more toward the fine and/or restitution, the Government is entitled to pursue other sources of recovery of the fine and/or restitution. The Defendant further agrees to cooperate fully in efforts to collect the fine and/or restitution obligation by set-off of program payments, execution on non-exempt property, and any other means the Government deems appropriate. Finally, the Defendant and his counsel agree that Government officials may contact the Defendant regarding the collection of any fine and/or restitution without notifying and outside the presence of his counsel.

## Recommended Guidelines Sentence Is Reasonable

The parties agree that there exists no aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the U.S. Sentencing Commission in formulating

9

the Sentencing Guidelines justifying a departure pursuant to U.S.S.G. § 5K2. The parties agree not to request any sentence outside of the Guidelines range nor any Guidelines adjustment for any reason that is not set forth in this Plea Agreement. The parties further agree that the recommended sentence set forth in this Plea Agreement is reasonable under the factors set forth in 18 U.S.C. § 3553(a). Neither party will request any variance resulting in a sentence outside of the Guidelines range.

### Recommendations/Stipulations Non-binding

The Defendant understands and agrees that the recommendations of the Government incorporated within this Plea Agreement, as well as any stipulations of fact or guideline computations incorporated within this Plea Agreement or otherwise discussed between the parties, are not binding on the Court and that the Court's failure to accept one or more of the recommendations, stipulations, and/or guideline computations will not constitute grounds to withdraw his guilty plea or to claim a breach of this Plea Agreement.

### Limited Waiver of Appeal

To the maximum extent permitted by federal law, the Defendant voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that the Defendant may file a direct appeal of an upward departure or a variance from the otherwise applicable sentencing guideline range. The Defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government initiates a direct appeal of the sentence imposed, the Defendant may file a cross-appeal of that same sentence.

## Miscellaneous Waivers

**FOIA/Privacy Act Waiver**

The Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act of 1974, Title 5, United States Code, Section 552a.

**DNA Waiver**

The parties agree that no biological evidence (as defined in Title 18, United States Code, Section 3600A) has been identified in this case; therefore, the Defendant understands and agrees that no evidence will be preserved for DNA testing.

## No Other Agreements

There are no other agreements, promises, representations, or understandings between the Defendant and the Government.

In Open Court this day of , 2008.

_____
SIGNATURE (Attorney for Defendant)
Ann Marie Fitz

_____
SIGNATURE (Assistant U.S. Attorney)
Corey Steinberg

_____
SIGNATURE (Approving Official)
Thomas Devlin

12-16-08
DATE

_____
SIGNATURE (Defendant)
FRANCISCO CORTES-MEZA

I have read the Indictment against me and have discussed it with my attorney. I understand the charges and the elements of each charge that the Government would have to prove to convict me at a trial. I have read the foregoing Plea Agreement and have carefully reviewed every part of it with my attorney. I understand the terms and conditions contained in the Plea Agreement, and I voluntarily agree to them. I also have discussed with my attorney the rights I may have to appeal or challenge my conviction and sentence, and I understand that the appeal waiver contained in the Plea Agreement will prevent me, with the narrow exceptions stated, from appealing my conviction and sentence or challenging my conviction and sentence in any post-conviction proceeding. No one has

threatened or forced me to plead guilty, and no promises or inducements have been made to me other than those discussed in the Plea Agreement. The discussions between my attorney and the Government toward reaching a negotiated plea in this case took place with my permission. I am fully satisfied with the representation provided to me by my attorney in this case.

_____   _12-16-08_____
SIGNATURE (Defendant)                              DATE

I am FRANCISCO CORTES-MEZA's lawyer. I have carefully reviewed the charges and the Plea Agreement with my client. To my knowledge, my client is making an informed and voluntary decision to plead guilty and to enter into the Plea Agreement.

_____   _12/16/08_____
SIGNATURE (Defense Attorney)                    DATE

13

INFORMATION BELOW MUST BE TYPED OR PRINTED

| | |
|---|---|
| <u>Ann Marie Fitz</u> | <u>FRANCISCO CORTES-MEZA</u> |
| NAME (Attorney for Defendant) | NAME (Defendant) |
| | |
| <u>5180 Roswell Road, Suite 5-South</u> | <u>c/o US Marshals</u> |
| STREET | STREET |
| | |
| <u>Atlanta, GA 30342</u> | |
| CITY & STATE   ZIP CODE | CITY & STATE   ZIP CODE |
| PHONE NUMBER <u>404-497-9005</u> | PHONE NUMBER _____ |

STATE BAR OF GEORGIA NUMBER _____

Filed in Open Court

_____

By _____

U. S. DEPARTMENT OF JUSTICE
Statement of Special Assessment Account

This statement reflects your special assessment only. There may be other penalties imposed at sentencing.

| ACCOUNT INFORMATION | |
|---|---|
| CRIMINAL ACTION NO.: | 1:08-CR-055-RWS |
| DEFENDANT'S NAME: | FRANCISCO CORTES-MEZA |
| PAY THIS AMOUNT: | $100 |

INSTRUCTIONS:

1. PAYMENT MUST BE MADE BY **CERTIFIED CHECK** OR **MONEY ORDER** PAYABLE TO:

    CLERK OF COURT, U.S. DISTRICT COURT

    **\*PERSONAL CHECKS WILL NOT BE ACCEPTED\***

2. PAYMENT MUST REACH THE CLERK'S OFFICE WITHIN 30 DAYS OF THE ENTRY OF YOUR GUILTY PLEA

3. PAYMENT SHOULD BE SENT OR HAND DELIVERED TO:

    Clerk, U.S. District Court
    2211 U.S. Courthouse
    75 Spring Street, S.W.
    Atlanta, Georgia  30303

    (Do not Send Cash)

4. INCLUDE DEFENDANT'S NAME ON **CERTIFIED CHECK** OR **MONEY ORDER**

5. ENCLOSE THIS COUPON TO INSURE PROPER AND PROMPT APPLICATION OF PAYMENT

6. PROVIDE PROOF OF PAYMENT TO THE ABOVE-SIGNED AUSA WITHIN 30 DAYS OF THE GUILTY PLEA